UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

          -v.-                                      ORDER

CHANJU CARROLL,                         17-CR-753-16 (CS)

               Defendant.
------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Chanju Carroll's motion for bail pending appeal, (Docs. 351-53), the Government's opposition thereto, (Doc. 357), and Defendant's reply, (Doc. 358). Familiarity with prior proceedings in the case, and with the parties' submissions, is presumed. For the reasons set forth below, the motion is denied.

      Under 18 U.S.C. § 3143(b)(2), a court must order the detention of "a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari." Defendant Carroll was convicted under 21 U.S.C. §§ 841(b)(1)(B) and 846, which are offenses that fall within subsection (f)(1). But "[w]hile the language of section 3143(b)(2) compels detention, an exception permits release of mandatory detainees who meet the requirements for release under section 3143(b)(1). . . 'if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.' 18 U.S.C. § 3145(c)." *United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991).

      Under 18 U.S.C. § 3143(b)(1), a judicial officer "shall order" detention for any person who has been found guilty and sentenced to a term of imprisonment, and who has filed an appeal, unless she finds (i) by clear and convincing evidence that the person is not a flight risk or

a danger to the community, (ii) that the appeal is not for purposes of delay, and (iii) that the appeal raises a "substantial question of law or fact likely to result in" either a reversal, an order for a new trial, a non-prison sentence, or a reduced sentence of less time than the total of time already served plus the expected length of the appeals process.  To find a "substantial question of law or fact likely to result in . . . reversal," 18 U.S.C. § 3143(b), the district court need not find that "its own judgment is likely to be reversed on appeal." *United States v. Randell*, 761 F.2d 122, 124 (2d Cir. 1985).  Rather, "[a] substantial question is a close question or one that very well could be decided the other way, that is, a question of more substance than would be necessary to a finding that it is not frivolous." *United States v. Percoco*, No. 16-CR-776, 2019 WL 493962, at *4 (S.D.N.Y. Feb. 8, 2019) (internal quotation marks and alteration omitted).  If a substantial question exists, the next issue is whether it "so integral to the merits of the conviction on which [the] defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Randell*, 761 F.2d at 125.  "This standard creates a high threshold for gaining release." *United States v. Stevenson*, No. 13-CR-161, 2014 WL 12675179, at *1 (S.D.N.Y. Sept. 8, 2014).

If the requirements of § 3143(b)(1) are met, the court must next, pursuant to § 3145(c), consider whether there are "exceptional circumstances making detention inappropriate." *DiSomma*, 951 F.2d at 496.  Exceptional circumstances exist where there is "a unique combination of circumstances giving rise to situations that are out of the ordinary." *Id.* at 497.  "[T]he burden of persuasion rests on the defendant." *Randell*, 761 F.2d at 125.

Essentially for the reasons set forth by Defendant, I find he has shown by clear and convincing evidence that he is not a risk of flight or a danger to the community,[1] and there is no indication that the appeal is taken for purposes of delay. But I do not find a substantial question likely to result in reversal. I have reviewed the appellate briefs provided by the parties, and essentially for the reasons set forth by the Government, I do not find the issue Defendant raises regarding the expert testimony to be a close one, nor is it likely to be of such importance as to result in reversal. While the issue regarding Juror #6 may be closer, it is not so close that it may well be decided the other way. Both are reviewed under an abuse of discretion standard, and both were thoroughly aired.

In any event, exceptional circumstances making detention inappropriate do not exist. While the risks presented by COVID-19 can support a finding of exceptional circumstances, they do not do so in Defendant Carroll's case. "Defendant must show that there is something unique about his being incarcerated during this pandemic that gives rise to a situation out of the ordinary that would justify his release." *United States v. Wiggins*, No. 19-CR-94, 2020 WL 3579476, at *2 (W.D.N.Y. June 29, 2020). He argues that his "obesity, a history of smoking and gout," (Doc. 352 at 9), put him at increased risk of severe illness or death from COVID-19. The Centers for Disease Control ("CDC") has identified only obesity as a condition that increases risk. A history of smoking is something that might or might not increase risk. Gout is unmentioned.

---

[1] The Government's argument that Defendant has failed to meet his burden on this issue because, if released, he will have a hard time finding a job and therefore will have an incentive to flee or sell drugs, (Doc. 357 at 3), is unworthy of the U.S. Attorney's Office. Most convicted defendants face difficulty finding jobs, so the Government's argument comes close to amounting to the claim that a defendant who does not have a job waiting can never show he is unlikely to flee or pose a danger.

Obesity is defined by the CDC as a body mass index ("BMI") of 30 or higher. Defendant, who is 5'8" tall, weighed 185 pounds on March 16, 2020, (Doc. 353-3 at 2), which is a BMI of 28.1. Curiously, he says he now weighs 205 pounds, which means he has put on twenty pounds during the pandemic. But his "evidence" of that is his lawyer's declaration saying that Defendant told his lawyer so. (Doc. 353 at 2.) "Defendant offers no medical records nor any third party's confirmation of" his alleged weight. *Wiggins*, 2020 WL 3579476, at *2. In any event, "because (1) [Defendant's] BMI is only slightly over the at-risk threshold, (2) [Defendant] is only [forty]-three years old, (3) he does not claim to have any health complications related to his weight, and his medical records do not document any obesity-related concerns, and (4) BMI does not necessarily convey a complete picture of one's health, I decline to find an extraordinary and compelling reason for release based on [his] assertion regarding his BMI alone." *United States v. Elliott*, No. 17-CR-128, 2020 WL 4381810, at *5 (E.D.N.Y. July 31, 2020) (collecting cases).

That Defendant used to smoke and has recently crossed the threshold of obesity is not a unique situation giving rise to an unusual circumstance making it inappropriate for him to continue to serve his sentence.

Accordingly, for the reasons stated above, the motion is denied.

Dated: September 23, 2020
      White Plains, New York

                                              CATHY SEIBEL, U.S.D.J.